| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Thomas G. Egner, Esq.<br>McDowell Law, PC<br>46 West Main St.<br>Maple Shade, NJ 08052<br>Phone: 856-482-5544 / Fax: 856-482-5511<br>tegner@mcdowelllegal.com | Order Filed on June 29, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Ronald Bradly and Patricia Bradly,<br><br>                  Debtors. | Case No.:   17-16822<br><br>Chapter:   13<br><br>Judge:   Poslusny |

### ORDER ON MOTION FOR AUTHORIZATION
### TO ENTER INTO FINAL LOAN MODIFICATION AGREEMENT
### (CHAPTER 13)

The relief set forth on the following page is **ORDERED**.

**DATED: June 29, 2022**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

The Court having reviewed the Motion for Authorization to Enter into Final Loan Modification Agreement filed on June 14, 2022, as to the first mortgage *[enter first, second, third, etc.]* concerning real property located at 7 Sterling Avenue, Linwood, NJ 08221, and the Court having considered any objections filed to such motion, it is hereby ORDERED that:

☒ The debtor is authorized to enter into the final loan modification agreement.

1) The loan modification must be fully executed no later than 14 days from the date of this order. If it is not, the secured creditor, within 14 days thereafter, must file with the Court and serve on the debtor, debtor's attorney, if any, and the standing trustee a Certification indicating why the agreement was not fully executed. A response by the debtor, if any, must be filed and served within 7 days of the filed date of the secured creditor's Certification; and

2) Upon the filing of the Certification required above, and absent a response from the debtor, the standing trustee may disburse to the secured creditor all funds held or reserved relating to its claim. Absent the filing of the Certification within the time frame set forth above, the standing trustee will disburse funds on hand to other creditors pursuant to the provisions of the confirmed Plan and any proof of claim filed in this case with respect to the mortgage is deemed modified and incorporated into the Loan Modification Agreement; and

3) Unless the debtor's Plan has been confirmed with 100% paid to unsecured creditors, the debtor must file a *Modified Chapter 13 Plan and Motions* within 14 days of consummation of the loan modification. If the loan modification results in material changes in the debtor's expenses, the debtor must also file amended Schedules I and J within 14 days of the date of this Order; and

4) Check one:

☒ There is no order requiring the debtor to cure post-petition arrears through the Plan; or

☐ Post-petition arrears are capitalized into the loan modification agreement, and the Order filed on _____ requiring the Standing Trustee to make payments based on the arrearage is vacated as of the date of this order; or

☐ Post-petition arrears have not been capitalized into the loan modification agreement, and the Standing Trustee will continue to make payments to the secured creditor based on the Order filed on _____; and

5) If fees and costs related to loss mitigation/loan modification are sought by the debtor's attorney, an Application for Compensation in compliance with D.N.J. LBR 2016-1 must be filed.

☐ The Motion for Authorization to Enter into Final Loan Modification Agreement is denied.

*new.12/17/19*

United States Bankruptcy Court
District of New Jersey

In re:  Case No. 17-16822-ABA
Ronald J Bradly, Jr.  Chapter 13
Patricia D Bradly
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-1    User: admin    Page 1 of 2
Date Rcvd: Jun 29, 2022    Form ID: pdf903    Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol**  **Definition**
+  Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 01, 2022:**

**Recip ID**  **Recipient Name and Address**
db/jdb  + Ronald J Bradly, Jr., Patricia D Bradly, 7 Sterling Ave, Linwood, NJ 08221-1823

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 01, 2022    Signature:    /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 29, 2022 at the address(es) listed below:

**Name**  **Email Address**
Denise E. Carlon
    on behalf of Creditor Toyota Lease Trust dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com

Denise E. Carlon
    on behalf of Creditor Toyota Motor Credit Corporation dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com

Gavin Stewart
    on behalf of Creditor Nissan Motor Acceptance Corporation bk@stewartlegalgroup.com

Isabel C. Balboa
    ecfmail@standingtrustee.com summarymail@standingtrustee.com

Isabel C. Balboa
    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com summarymail@standingtrustee.com

John R. Morton, Jr.
    on behalf of Creditor Quantum3 Group LLC ecfmail@mortoncraig.com, mortoncraigecf@gmail.com

| | | |
|---|---|---|
| District/off: 0312-1 | User: admin | Page 2 of 2 |
| Date Rcvd: Jun 29, 2022 | Form ID: pdf903 | Total Noticed: 1 |

R. A. Lebron
    on behalf of Creditor PENNYMAC LOAN SERVICES  LLC bankruptcy@fskslaw.com

R. A. Lebron
    on behalf of Creditor PennyMac Loan Services  LLC bankruptcy@fskslaw.com

Thomas G. Egner
    on behalf of Joint Debtor Patricia D Bradly tegner@mcdowelllegal.com tcuccuini@mcdowelllegal.com;Lwood@mcdowelllegal.com;kgresh@mcdowelllegal.com;kbrocious@mcdowelllegal.com;djamison@mcdowelllegal.com;cgetz@mcdowelllegal.com;egnertr62202@notify.bestcase.com

Thomas G. Egner
    on behalf of Debtor Ronald J Bradly  Jr. tegner@mcdowelllegal.com, tcuccuini@mcdowelllegal.com;Lwood@mcdowelllegal.com;kgresh@mcdowelllegal.com;kbrocious@mcdowelllegal.com;djamison@mcdowelllegal.com;cgetz@mcdowelllegal.com;egnertr62202@notify.bestcase.com

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

William M. E. Powers, III
    on behalf of Creditor PennyMac Loan Services  LLC ecf@powerskirn.com

William M.E. Powers
    on behalf of Creditor PennyMac Loan Services  LLC ecf@powerskirn.com

William M.E. Powers, III
    on behalf of Creditor PennyMac Loan Services  LLC ecf@powerskirn.com

TOTAL: 14